IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD MESSINA,, GG-0082,  )
    Petitioner,  )
                              )
    v.  ) Civil Action No. 07-946
                              )
JAMES WYNDER, et al.,  )
    Respondents.  )

MEMORANDUM OPINION AND ORDER

MITCHELL, M.J.

Donald Messina an inmate at the State Correctional Institution at Dallas has presented a petition for a writ of habeas corpus. For the reasons set forth below, that petition will be dismissed and because no viable constitutional issue exists upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability will be denied.[1]

---

[1] The procedural history of the case in this Court is most bizarre. The petition which is dated July 2, 2007, was received on July 9, 2007. Service was ordered on July 13, 2007, directing the respondents to submit an appropriate response within twenty days of service which was made on July 25, 2007. On August 10, 2007, the District Attorney of Clarion County moved for an extension of time to file a response/reply and that motion was granted on August 16, 2007, authorizing a response to be filed on or before September 17, 2007. For some inexplicable reason, a timely response was not filed and on October 9, 2007, the petitioner filed a request for entry of default which the Clerk did on October 10, 2007. On October 12, 2007, the petitioner moved for default judgment and his request for default was again entered on October 15, 2007. On October 19, 2007, we entered an Order directing the respondent to answer on or before October 26, 2007, and on October 30, 2007, the respondent was directed to appear on November 20, 2007, to show cause why the relief sought should not be granted. Without seeking to vacate the default, a response was filed on November 1, 2007. While the petitioner again moved for default, his request was denied but the respondent advised to appear at the scheduled November 20, 2007 hearing. Following that hearing at which time it appeared that the District Attorney's failure to file a timely reply was due to administrative error, and because as a general proposition no basis exists in law for the entry of default in a habeas case, the default was lifted.

Messina is presently incarcerated serving a six to twelve year sentence imposed following his conviction by a jury of four counts of statutory sexual assault and one count of corruption of minors at No. 528 of 2004, in the criminal division of the Court of Common Pleas of Clarion County, Pennsylvania. This sentence was imposed on June 1, 2005.[2]

An appeal was taken to the Superior Court in which the issues presented were:

I. Whether the trial court erred by denying defendant's pre-trial motion in limine, thereby permitting the Commonwealth to introduce, during its case in chief, evidence relating to the complainant's pregnancy, the birth of her child and the identity of defendant as the father, when said evidence had no probative value and could only serve to unfairly prejudice the defendant.

II. Whether the trial court erred by denying defendant's pre-trial motion to allow evidence of the complainant's past sexual activity with older men as a constitutionally required exception to the [Pennsylvania] Rape Shield Statute when such evidence supported defendant's mistake of age defense, thereby unfairly limiting defendant's due process right to present a defense and confront witnesses.[3]

On August 28, 2006, the judgment of sentence was affirmed and no further appellate relief was sought.[4]

During the pendency of the appeal, Messina filed a post-conviction petition in the trial court, and that petition was denied on September 16, 2005.[5] Following the affirmance of his conviction and sentence, on October 2, 2006, Messina submitted a second post-conviction

---

See: Bleitner v. Wellborn, 15 F.3d 652 (7th Cir. 1994).

[2] See: Petition at ¶¶ 1-7.

[3] See: Appellant's Brief to the Superior Court at No. 1831 WDA 2005.

[4] See: Petition at ¶ 9.

[5] See: Clarion County Docket: CP-16-CR-528-2004.

petition to the Court of Common Pleas raising the issues of:

> 1. Did trial judge unfairly prohibit evidence
> 2. Was sentence excessive
> 3. [Were petitioner's] rights violated due to contradictory testimony and untruths told by witnesses on the stand.[6]

On July 11, 2007, the court granted Messina's motion to withdraw his post-conviction petition and it appears that no further relief was sought.[7] The instant petition was executed on July 2, 2007, and the timing of its execution suggests that Messina elected to waive his post-conviction rights and rather to seek federal relief. We note that he cannot now filed a post-conviction petition as such action would be untimely. Rule 901, Pa.R.Cr.P.

> In the instant petition, Messina contends he is entitled to relief on the grounds that:
>
> 1. The trial judge would not permit evidence showing sexual history of alleged victims which would have clearly shown a history of victim stating an age higher than actual age. Also a history of sexual activity for the purpose of profit.
>
> 2. Trial court erred by denying pre-trial motion in limine relating to [exclusion] of complaint's pregnancy, birth of child and identity of defendant as father only served to unfairly prejudice defendant.
>
> 3. Trial [and appellate counsel were] ineffective.[8]
>
> It is provided in 28 U.S.C. §2254(b) that:
>
> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[6] See: Petition at ¶ 11 and Clarion County Docket Sheet No: CP-16-CR-528-2004..

[7] See: Clarion County Docket Sheet No: CP-16-CR-528-2004.

[8] See: Petition at ¶ 12.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the first two issues which the petitioner seeks to raise here, were presented to the Superior Court on direct appeal, but that his claim of ineffective assistance of counsel was never so raised. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

At this juncture, the petitioner cannot return to the Pennsylvania Courts to raise this last issue; he has not made a showing here which would excuse his failure to raise the issue in those courts, and for this reason, the issue is procedurally defaulted here. Thus the only two matters properly before this Court are:

> 1. The trial judge would not permit evidence showing sexual history of alleged victims which would have clearly shown a history of victim stating an age higher than actual age. Also a history of sexual activity for the purpose of profit.

5

2. Trial court erred by denying pre-trial motion in limine relating to [exclusion] of complaint's pregnancy, birth of child and identity of defendant as father only served to unfairly prejudice defendant.

The background to this prosecution is set forth in the petitioner's statement of the case in his direct appeal:

> This is a criminal prosecution. Donald R. Messina... was charged with four counts of Statutory Sexual Assault (18 Pa.C.S.A Section 3122.1) and one court of Corruption of Minors (18 Pa.C.S.A. Section 6301).
>
> Prior to trial, Messina filed a Motion In Limine, asking the court to preclude the Commonwealth from introducing evidence of the complainant's pregnancy, the birth of her child and Messina's identity as the father unless Messina denied, during trial, having sexual intercourse with the complainant. Said motion was denied ... Messina also filed a pre-trial motion ... requesting leave to offer evidence of the alleged victim's past sexual conduct at trial ... and said motion was denied...
>
> Messina was accused of having sexual intercourse with a 14 year old female on four occasions between May 1, 2002 and April 1, 2003... the complainant had given birth to a baby girl on January 15, 2004... When interviewed by the arresting officer, Messina admitted having sexual intercourse with the complainant...
>
> At trial, the Commonwealth presented the testimony of the complainant (hereafter "J.W.") and the arresting officer... The Commonwealth also offered one exhibit during its case-in-chief, an Acknowledgment of Paternity signed by Messina. J.W. testified about having sexual intercourse with Messina on four occasions. She also testified about getting pregnant and having a daughter. She testified that she told Messina how old she was ... and denied ever doing anything that would lead him to believe she was 16 or older... when discussing the father of her child during her direct examination, J.W. mentioned that DNA testing was done of "the other person".. She again mentioned that there was another person that she thought might be the father... Trooper Carmichael testified that Messina admitted to having sex with J.W. He also testified that Messina told him that he knew J.W. was 14 years old at the time...
>
> Messina took the stand and testified at trial... Messina admitted to having sexual intercourse with J.W.... but denied knowing that she was 14 at the time and denied telling Trooper Carmichael that he knew... Messina believed that she was over 16...

6

[Others testified that J.W. had told other individuals that she was over 16 years old].[9]

The issues before this Court which were properly presented to the courts of the Commonwealth concern evidentiary rulings made by the trial court.

Alleged erroneous evidentiary rulings are not subject to challenge in federal proceedings unless the error amounts to a constitutional violation. Lesko v. Owens, 881 F.2d 44 (3d Cir.1989) cert. denied 493 U.S. 1036 (1990). That is,

> For the exclusion of evidence to violate this right by denying the accused a fundamentally fair trial, the evidence must be "material," in the constitutional sense that it "creates a reasonable doubt that did not otherwise exist" as evaluated "in the context of the entire record." *United States v. Aguers*, 427 U.S. 97, 112-13 (1976).

Jimenez v. Walker, 458 F.3d 130, 147 (2d Cir.2006) cert. denied 127 S.Ct. 976(2007). Such is not the case here. As the Superior Court noted in its August 28, 2006 Memorandum:

> [Evidence] of the victim's pregnancy and Appellant's identity as the likely father of the victim's child makes it more probable that Appellant had sexual intercourse with her, and, as such, the evidence is relevant...
>
> Contrary to Appellant's assertions of an "admission" the record lacks a formal stipulation between the parties indicating that they agreed that Appellant had sexual intercourse with the victim, and, accordingly, Appellant did not 'admit" that he had sex with the victim prior to trial. The lack of said stipulation required the Commonwealth to prove beyond a reasonable doubt that Appellant had sexual intercourse with the victim, aged 14 at the time of the offense ...(footnotes and citations omitted).[10]

As to petitioner's claim that it was error to preclude evidence of the victim's past sexual conduct, the Superior Court noted:

---

[9] See: Brief for appellant at Superior Court Docket No. 1831 WDA 2005.

[10] See: August 28, 2006 Memorandum of the Superior Court at pp.4-5, attached hereto.

Appellant asserts that he wanted to use this evidence as a means to present his defense of mistake of age and, consequently, that this evidence should have been admitted at trial as a constitutionally required exception to the Rape Shield Statute, 18 Pa.C.S.A. § 3104...

The purpose of the Rape Shield Statute is to prevent a trial from shifting its focus from the culpability of the accused towards the virtue and chastity of the victim...

The [appellant's] offer of proof does not directly negate the act of intercourse, which, in fact, Appellant admitted, nor does it establish the victim's bias or attack her credibility. In reality, the offer of proof demonstrates only that the victim engaged in sexual activity with other adult individuals *in addition* to Appellant but fails to demonstrate how Appellant would be exonerated by the admission of the evidence. As such, the evidence is not admissible.

Moreover, it is clear that Appellant was not denied his constitutional rights to present a defense. Appellant called several witnesses who testified to the fact that the victim told them that she was over the critical age of 16 years. Further, the victim testified that she engaged in sexual intercourse with another adult male. Consequently, admission of evidence of the victim's sexual conduct with other adult males to prove a genuine belief that she was over the critical age of 16 would have been merely cumulative to other evidence presented at trial (citations omitted; emphasis in original).[11]

Thus, there is no demonstration that the exclusion of this evidence was in any way violative of a constitutionally protected right, nor that the evidentiary decisions of the state courts were contrary to clearly established law as expounded by the United States Supreme Court. Rather, all that existed was an issue of credibility which the jury resolved against the petitioner.

Accordingly, because it is without merit, the petition of Donald Messina for a writ of habeas corpus will be dismissed and because no viable constitutional issue exists upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability will be denied.

An appropriate Order and Judgment will be entered.

---

[11] See: Id. at pp.6-9.

ORDER

AND NOW, this 28th day of November, 2007, for the reasons set forth above, the petition of Donald Messina for a writ of habeas corpus is dismissed, and a certificate of appealability is denied.

                                                            s/ Robert C. Mitchell,
                                                            United States Magistrate Judge